

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 06-31109 |
| | ) | |
| James B. Trafzer, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER REGARDING AMENDED MOTION TO DETERMINE VALUE OF INTERNAL REVENUE SERVICE'S SECURED CLAIM

This case is before the court on Debtor's Amended Motion to Determine Value of Internal Revenue Service's Secured Claim ("Motion") [Doc. # 168] and the Internal Revenue Service's ("IRS") response [Doc. # 164]. The court held an evidentiary hearing on the Motion on March 3, 2009, and heard further argument on the Motion at a subsequent hearing on April 7, 2009.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. This is a core proceeding that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B).

### BACKGROUND

Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 16, 2006. Debtor's bankruptcy schedules show that he owns personal property that includes, among other things, a one-third interest in a corporation known as Pole-Thru Lane, Inc. ("Pole-Thru" or "the Corporation").

Although the stated value on Schedule B of Debtor's interest in the Corporation is $50,000, Debtor testified that figure was his estimate of the entire value of the Corporation rather than just of his one-third interest. Debtor further testified that the Corporation was not profitable and, on or about November 17, 2006, the assets of the Corporation, which consisted of inventory and equipment, were sold in an arms-length transaction for $35,000.[1] Debtor submitted an accounting of the disbursements of proceeds from the sale, to which IRS has not objected. [*See* Doc. # 173]. After accounting for interest earned on the sale proceeds in the amount of $211.51 and payment of the Corporation's expenses in the amount of $31,870.28, there remains $3,341.23 that is being held in escrow.

On January 25, 2007, the IRS filed its proof of claim, asserting a secured claim in the amount of $161,722.38, an unsecured priority claim in the amount of $7,889.94, and a general unsecured claim in the amount of $10,097.37. On March 31, 2007, Debtor's Chapter 13 plan was confirmed.

There is no dispute as to the total amount set forth in IRS's proof of claim. The dispute centers around the amount of the claim that is characterized as being secured. The parties agree that Debtor's equity in property of the bankruptcy estate that is subject to the IRS lien, other than Debtor's interest in the Corporation, is valued at $40,258.38. The sole issue for the court to decide, as framed by the parties at the April 7, 2009, hearing on the Motion, is the value of Debtor's interest in the Corporation in order to determine the total value of the IRS's secured claim.

## LAW AND ANALYSIS

"The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest. . . ." Fed. R. Bankr. P. 3012. Under 11 U.S.C. § 506(a)(1), "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property. . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." Where the relevant property securing a claim is personal property in an individual case under Chapter 13, § 506(a)(2), which was added to the Bankruptcy Code in 2005, directs the court to determine the value of the property "based on the replacement value as of the date of filing of the petition."[2]

---

[1] On the same date, Debtor closed the sale of real estate owned by him and his wife on which the Pole-Thru business operated. [Gov't Ex. 2]. Debtor received no cash from that sale. Rather, the sale proceeds were applied to payment of liens in their order of priority, with IRS receiving $18,576.05. [*Id.* at 2]. The IRS does not dispute this application of sale proceeds.

[2] Section 506 was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or "the Act"), effective October 17, 2005. Because Plaintiff's bankruptcy case was filed after the effective date of the Act, the amended version of this section applies.

The Supreme Court has defined "replacement value" as "the price a willing buyer in the debtor's trade, business, or situation would pay a willing seller to obtain property of like age and condition." *Assocs. Comm'l Corp. v. Rash*, 520 U.S. 953, 960 n.2 (1997).

In this case, the property to be valued is Debtor's interest in a closely held corporation, not the assets of the closely held corporation itself. Although "replacement value" is a somewhat awkward concept in the context of the property in issue, where, as here, the Corporation was not profitable and the assets of the Corporation were sold within a short time after the filing of the bankruptcy petition, and lacking any countervailing evidence, the court finds it reasonable to base the value of Debtor's interest in the Corporation on the proceeds of the sale of assets less the Corporation's expenses paid from those proceeds. The sale proceeds of $35,000, plus interest earned of $211.51, less expenses of $31,870.28 yields a value of $3,341.23. IRS argued, and Debtor agreed at the hearing, that this entire amount is security for IRS's claim.

There being no further evidence of an interest of IRS in property of the estate, the court finds that IRS's secured claim as of the filing date of Debtor's petition is valued at $43,599.61, which is the sum of $3,341.23 relating to the value of the Corporation and the agreed upon value of $40,258.38 relating to other property of the bankruptcy estate that is subject to the IRS lien.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Internal Revenue Service's secured claim as of the filing date of Debtor's petition is valued at $43,599.61.